UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UMUOJI IMPROVEMENT UNION
(NORTH AMERICA), INC.

       Plaintiff

v.

UMUOJI IMPROVEMENT UNION
(NORTH AMERICA), INC., UMUOJI
IMPROVEMENT UNION, MASSACHUSETTS,
INC., VICTOR IDE OKOYE and OGOR OKOYE

       Defendants

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION AND SHORT ORDER OF NOTICE

The plaintiff, Umuoji Improvement Union (North America), Inc. ("UIU"), submits this memorandum in support of its motion that the Court: (1) issue a preliminary injunction enjoining the defendants from continuing to use UIU's name and to act as agents of UIU; and (2) ordering the defendants to file with the Court a complete and itemized accounting of all monies collected in UIU's name since September of 2017.

**I.**   **FACTS**

All of the facts set forth herein are also set forth in the Complaint [Doc. #1] and are supported by the Affidavit of Peter Okeke ("Okeke Aff."), filed herewith. All references to Exhibits herein are to the exhibits appended to the Okeke Aff.

1.   UIU is a nonprofit corporation comprised of members of Umuoji descent who seek to raise charitable funds to benefit the people of Umuoji, Nigeria.

2.   UIU was registered as a non-profit organization in the state of Nebraska in 2009. See Exhibit A, appended.

3.      Ide-Okoye was elected president of UIU in July, 2017.

4.      Okoye was removed as president of the UIU in November of 2018. See Exhibit B and Exhibit C, which are, respectively, a letter to Ide-Okoye notifying him of his removal as president of the UIU as well as a copy of the minutes of a meeting of the UIU board in which Ide-Okoye's removal is discussed.

5.      Peter Okeke then became UIU President. See Exhibit D, which is UIU's Biennial Report to the State of Nebraska, Secretary of State.

6.      After his removal from UIU, Ide-Okoye, rather than seek to contest said removal or create his own separate organization, instead sought to create his own counterfeit organization. To that end, he used UIU's letterhead to create purported minutes from a meeting, which, upon information and belief, never took place. See Exhibit E, appended.

7.      The first page of these purported minutes states:

UIUNA Inc. Domestication/Conversion/Registration to a New Domicile (Massachusetts) Since we have no branch or any presence in Nebraska. *To maintain our EIN number and report to the IRS on the organization's Form 990.* (emphasis added).

The second page of the purported minutes states:

Another resolution reached was Domestication/Conversation/Registration of our organization to a new Domicile (Massachusetts) and *closed the articles of incorporation in Nebraska*. (emphasis added).

8.      Thereafter, Ide-Okoye created several counterfeit UIU organizations in the Commonwealth of Massachusetts using the name of UIU, including UIU Massachusetts – 1 and UIU Massachusetts - 2, in which his wife, Okoye, was a founding officer. See Exhibit F and Exhibit G, appended, which are, respectively, business entity summaries from the Massachusetts Secretary of State for UIU Massachusetts - 1 and UIU Massachusetts - 2.

9.      Ide-Okoye never contested his removal from UIU in Nebraska nor did he seek to close the articles of incorporation in Nebraska, he simply created new counterfeit UIU organizations

in Massachusetts and, upon information and belief, continued using UIU's IRS identification information.

10.     These counterfeit organizations were created in order to confuse potential donors and business partners and, presumably, the IRS, as to the affiliation or connection of the defendants with UIU, which has resulted in UIU suffering damages. See Exhibit H, Exhibit I, Exhibit J, and Exhibit K, which are, respectively affidavits from UIU board members Dr. Matthias I. Okoye, Cletus Ezeji, Joseph Achebe and Francis Onukwuli.

11.     Further, since creating these counterfeit organizations, Ide-Okoye has brought several personal lawsuits against individual members of UIU, both in the Commonwealth of Massachusetts and the State of Texas. See Ide-Okoye v. Enweze et al., Essex County Superior Court (Newburyport), Docket No.: 1977CV00310 (plaintiff, Ide-Okoye, seeks damages for defamation against several members of UIU); Umuoji Improvement Union (North America), Inc. v. Pearl Oguchi, District Court, 268th Judicial District (Fort Bend), Docket No.: 19DCV25782 (plaintiff, UIU Massachusetts - 1, seeks tort damages against treasurer of UIU).

12.     These lawsuits aver tortious conduct on the part of certain UIU members and the parties and issues presented in these lawsuits are distinct from the claims set forth herein.

## II.    **ARGUMENT**

As set forth, the defendants have engaged in fraud, slander of business title, misappropriation, and tortious interference with business relationships to the detriment of the plaintiff.  The plaintiff has a very high likelihood of success on the merits of this case and there is a reasonable chance that in the absence of the relief sought herein the defendants would dissipate their assets.

Plaintiff will suffer irreparable harm if this motion is not granted. Without injunctive relief the plaintiff is likely to suffer continued reputational damages. A preliminary injunction, designed

to freeze the status quo and protect the damages remedy, is an appropriate form of relief. <u>Deckert v. Independence Shares Corporation</u>, 311 U.S. 282, 61 S.Ct. 229 (1940); see also <u>Gilbane Corp. v. Neighborhood House, LLC</u>, 2002 WL 774992 *2 (Mass. Super. 2002) (Fabricant, J.) (Massachusetts courts recognize the need to grant injunctive relief where appropriate to preserve assets to satisfy a judgment); <u>Palriwala v. Palriwala</u>, 59 Mass. App. Ct. 1101 (2003) (unpub.).

Where there is a strong likelihood that judgment will be in favor of a plaintiff, the necessity of showing irreparable harm is lessened. <u>Packaging Indus. Group, Inc. v. Cheney</u>, 380 Mass. 609, 617 (1980). Irreparable harm is measured "not [by] the raw amount of irreparable harm the party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits." <u>Id.</u> This so called "leaky compartment" standard, cf., <u>Hamilton Watch Co. v. Benrus Watch Co., Inc.</u>, 206 F.2d 738 (2nd Cir. 1953), permits a commensurate decrease in the showing of irreparable harm as the likelihood of success on the merits increases.

Accordingly, the plaintiff has met the standards for a preliminary injunction. The public interest would not be harmed by the granting of these requests. <u>Bank of New England, N.A. v. Mortgage Corp. of New England</u>, 30 Mass. App. Ct. 238, 246 (1991).

<div style="margin-left:40%">

Respectfully submitted,

UMUOJI IMPROVEMENT UNION
(NORTH AMERICA), INC.,

Plaintiff,

By its attorney,

/s/ Travis T. Pregent
Travis T. Pregent (BBO: 682998)
PREGENT LAW
One State Street, 1200
Boston, MA 02109
(978) 381-3256
travis@pregentlaw.com

</div>

Dated: 12.16.20

## CERTIFICATION

I certify that I have served this document via Notice of Electronic Filing for parties and counsel on the date set forth below in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

/s/ Travis T. Pregent ___
Travis T. Pregent

Date:  December 16, 2020