UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No: 1:20-12229

| | |
|---|---|
| Umuoji Improvement Union | ) |
| (North America), Inc. | ) |
|          Plaintiff, | ) |
| v. | ) |
| Umuoji Improvement Union | ) |
| (North America); | ) |
| Umuoji Improvement Union | ) |
| Massachusetts, Inc; | ) |
| Victor Ide Okoye & Ogor Okoye | ) |
|          Defendants | ) |

## DEFENDANTS MEMORANDUM IN SUPPORT OF ITS MOTION FOR JOINDER BY THE COURT AND, TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Umuoji Improvement Union (North America), Umuoji Improvement Union Massachusetts, Inc; Victor Ide Okoye and Ogor Okoye (collectively "Plaintiffs") respectfully submit this memorandum, and move this Court to join the individuals listed below as Plaintiffs in the above entitled matter:

(1). Peter Okeke, (2). Patrick Achebe, (3). Pearl Oguchi, (4). Matthias Okoye,

(5). Cletus Ezeji (6). Obi Nweze and, (7). Michael Obidike; *pursuant to* Rule 12 (b) (7) – (under Rule 19 (a) (2)) – "Joinder by the Court"; as, the Umuoji Improvement Union North America, Inc., (hereinafter "UIUNA"), Nebraska, has no actual presence in Nebraska. It has no Bank account in Nebraska, no other property in Nebraska and, no membership presence in Nebraska. *Ex. H; See also Ex. C, ¶ 2 to 6.* Thus, any judgment against UIUNA, Nebraska, by itself, would be impossible to enforce.

Defendants further request this Honorable Court to dismiss Plaintiffs complaint pursuant to the following Rules:

1

1. Rule 12 (b) (7) – (Under Rule 19 (a) (1) – Persons required to be Joined

2. Res judicata

3. Rule 12 (b) (6) – Failure to State a Claim Upon Which Relief can be Granted; and

4. Rule 23.1 – Derivative – Lack of Standing, and;

5. To dismiss pursuant to Article III, for Failure to State a Claim.

## I. ALLEGATIONS OF THE COMPLAINT/FACTUAL BACKGROUND

"Umuoji Improvement Union (North America), Inc (hereinafter, "UIUNA") is a nonprofit corporation comprised of people of Umuoji descent who seek to raise charitable funds to benefit the people of Umuoji descent" .*Plaintiff's Complaint, (hereinafter "PC"), ¶8.*

"Ide Okoye was elected President of UIUNA in July, 2017 (for a two year term)" *PC ¶10.* Ide Okoye, the National President and Ike Ofoje, the National Vice President were re-elected in 2019 for additional two year term. *Ex. B, Affidavit of Ike Ofoje at ¶3*

Plaintiff further alleges that "on or about November 18, 2018 Ide Okoye was removed as President of UIUNA …" *PC, ¶11.*

All of Plaintiffs claims to the ownership of UIUNA, Inc, trade name, trademark and Bank account are based on the allegation that Ide Okoye was removed as the President of UIUNA, Inc. on November 18, 2018. *PC, 11 to 18.*

However, this allegation is denied by Victor Ide Okoye, *Ex. A, Ide Okoye's Affidavit ¶¶19, 2 & 5. See also Ex. B, Affidavit of Ike Ofoje, Vice President, ¶¶3, 2, 4, 5,6*

*& 11; and Ex. C, Affidavit of Ike Nkulume, National Secretary, ¶¶2, 3, 4, 5, 6, 7, 8, 9, 13 & 14*.

Prior to this Complaint, there have been numerous court cases all over the U S and, all have resolved the leadership, trade name and marks of UIUNA in favor of the Defendant Ide Okoye and his faction of UIUNA, Inc. *See Ex. D to I.*

>    **Ex. D**:  Order on "Umuoji Improvement Union, (North America), Inc v. Victor Okoye, In the County of Lancaster, Nebraska, Case No. CI 18-14079.
>    **Ex. D2** : "Order Nunc Pro Tunc" on Summary Judgment, C1 18-14079 to modify the October 14, 2020 order granting Summary Judgment to Defendant to correct a clerical or typographical error in the last paragraph of page 6.
>
>    Ex. E:  Plaintiff's Brief in Support of Summary Judgment Motion, Umuoji Improvement Union, (North America), Inc v. Pearl Oguchi, and Patrick Achebe, and Cletus Ezeji, individually andas doing business as Umuoji Improvement Union (North America), Inc; at 268 Judicial District, Fort Bend County, Texas, Cause No. 19-DCV-258782. *Please see ¶¶3 (a), (c), (d) & (e)*.
>    **Ex. F:** Court's Order on Ex. E above, Plaintiff's Motion for Summary Judgment – 19-DCV-258782
>    **Ex. F2**: Plaintiff's Brief in Support of Summary Judgment Motion, Umuoji Improvement Union, (North America), Inc v. Pearl Oguchi, and Patrick Achebe, and Cletus Ezeji, individually and as doing business as Umuoji Improvement Union (North America), Inc; at 268 Judicial District, Fort Bend County, Texas, Cause No. 19-DCV-258782. *Please see ¶¶3 (a), (c), (d) & (e)*.
>
>    Ex. G:  Memorandum of Decision and Order on Defendant's Motion to Dismiss, Commonwealth of Massachusetts Superior Court, Civil Action No. 1977CV0310.
>    Ex. H: Umuoji Improvement Union (North America), Inc's **Plea in Intervention**, 268 Judicial District of Fort Bend County, Texas – 19-DCV-258782
>    Ex. I: Complaint for Conversion, Umuoji Improvement Union (North America), Inc, v. Victor Okoye, Case No CI 18-14079

The claims of all of the above cases arise out of the transaction or occurrence that is the subject matter of the instant action including the claim to property, trade name, trademark or Bank account.

## II. MOTION TO DISMISS PURSUANT TO Rule 12 (b) (7) – (Under Rule 19 (a) (1) – Persons required to be Joined.

STANDARD UNDER F. R. CIV. P, RULE 12(b) (7)

Rule 12 (b) (7) of the F. R. Civ. P. allows dismissal for "Failure to join a party under Rule 19." Rule 19 "provides for the joinder of all parties whose presence in a law suit is required for the fair and complete resolution of the dispute at issue. It further provides for the dismissal of litigation that should not proceed in the absence of the parties that cannot be joined" *HS Resources, Inc. v. Wingate, 327 F. 3d 432, 438 (5th Cir. 2003) (foot notes and citations omitted)*

"Determining whether to dismiss a case for failure to join an indispensable party requires a two step inquiry" *Hood ex rel. Mississippi v. City of Memphis, 570 F. 3d 625, 628 (5th Cir. 2009)* "First the District court must determine whether the party should be added under the requirements of Rule 19 (a)" *Id*. F. R. Civ. P. Rule 19 (a) (1) requires that a person "subject to a service of process and whose joinder will not deprive the court of subject matter jurisdiction be joined if:"

> **(A)  In the person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (1) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.**
>
> **Rule 19 (a) (2): Joinder by Court Oder,** provides **that "if a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a Plaintiff may be made either a Defendant or, in a proper case, an involuntary Plaintiff"**

"While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after "an initial appraisal of the facts indicate that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder" *Hood ex rel. Mississippi v. City of Memphis, 570 F. 3d at 628.* "If the necessary party cannot be

joined without destroying subject matter jurisdiction, the court must then determining whether that person is " indispensable," that is, whether litigation can be properly pursued without absent party" Id. at 629. Rule 19 does not require the joinder of joint tortfeasors. Nor does it require joinder of principal and agent.

ARGUMENT

There have been several cases as listed above, See **Ex.(D & D2), (E), (F & F2), (G), (H) and (I)** regarding the leadership and therefore the ownership of the trade name and marks belonging to the Umuoji Improvement Union (North America) [UIUNA], Nebraska between 2017 and 2018.

On or about February 11, 2020 the following individuals filed "Plea in Intervention" and intervened on behalf of UIUNA, Lincoln, Nebraska in the matter of Umuoji Improvement Union, Inc. v. Pearl Oguchi at the 268th Judicial District, Fort Bend County, Texas, No. 19-DCV-258782. *Ex. H , Umuoji Improvement Union, (North America), Inc's "Plea In Intervention"* They are: Pearl Oguchi, Patrick Achebe and Cletus Ezeji. *Id.*

The matter in controversy then, as now is; whether Plaintiff's faction of UIUNA, Inc. or Defendants (Ide Okoye's) faction has the legal ownership of UIUNA, Inc. This matter was resoundedly resolved in favor of the Defendants (Ide Okoye) by the 268th Judicial District, Fort Bend County, Texas, No. 19-DCV-258782. *Ex. E, ¶¶ 3(a), (c), (d) and (e). See also Ex.* **D and D2; and F and F2;**  *and G, H and I.*

In Plaintiff's Brief in Support of Summary Judgment Motion, Umuoji Improvement Union, (North America), Inc v. Pearl Oguchi, and Patrick Achebe, and Cletus Ezeji, individually and as doing business as Umuoji Improvement Union (North America), Plaintiff's (Ide Okoye's

faction who are now Defendants in the instant matter) Attorney Staci Childs filed the following at the 268th Judicial District, Fort Bend County, Texas, No. 19-DCV-258782:

"**On August 6, 2020 this Honorable Court heard evidence from both the Umuoji Improvement Union (North America) represented by The Childs Law Firm, P. C. [hereinafter, "Plaintiff] and the purported Umuoji Improvement Union (North America) represented by Reed Smith, LLP [hereinafter, "Defendant]. "<u>This court maintained the position that the Plaintiff in this case has the sole authority to use the name and do business as Umuoji Improvement Union North America</u>"** … **"and that "It is undisputed that Dr. Victor Ide Okoye is the true President of Umuoji Improvement Union North America" also "That Defendants have no authority to conduct business or engage in any matter purporting themselves in any way as Umuoji Improvement Union North America"** *Ex. E.*

In its Decision – "Order on Plaintiff's motion for Summary Judgment" the court stated, "After consideration of pleadings, evidence and argument of counsel, the Court finds that Defendant Umuoji Improvement Union (North America), Inc's motion for Summary Judgment should be and hereby is GRANTED" See ***Ex. D and D2; also Ex. F and F2.*** The court further orders that "Defendant Umuoji Improvement Union, North America, Inc, a Massachusetts non-profit corporation is awarded a judgment for reasonable and necessary attorney fee in the amount of EIGHT THOUSAND 00/100 DOLLARS USD (8,000 USD) plus pre and post judgment interest, jointly and severally against Cross-Defendants, Umuoji Improvement Union (Nebraska), Inc, a Nebraska non-profit public corporation, Patrick Achebe and Cletus Ezeji INDIVIDUALLY, AND AS DOING BUSINESS AS UMUOJI IMPROVEMENT UNION (Nebraska), Inc. *Id.*

PLAINTIFFS IN THE INSTANT ACTION ARE FRIVOLOUS:
Plaintiffs filed this case with reckless disregard for the truth and with actual malice. It is astonishing that after several courts have resolved the issue of management and Ownership, trade name and trademarks of UIUNA in favor of Ide Okoye's Umuoji Improvement Union, North

6

America, Inc, Massachusetts, Plaintiffs nevertheless proceeded to file the instant complaint. This is not only frivolous as Defendants also request sanctions pursuant to F.R.Civ.P., Rule 11.

Plaintiff's complaint has absolutely no merit and is filed with harassment of the Defendants as its objective. Plaintiffs intent is to "pepper" and punish Defendants with heavy and escalating legal costs.

WHEREFORE, Defendants request that this matter be dismissed with prejudice, award appropriate costs and attorney fees expended by Defendants in defending these frivolous claims.

### III.     DISMISSAL BASED ON RES JUDICATA

"The term 'res judicata' includes both claim preclusion and issue preclusion. Claims preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents re-litigation of all matters that were or could have been adjudicated in the action. This is based on the idea that the party to be precluded has had the incentive and opportunity to litigate the matter in the first lawsuit" *Milton R. Santos v. U. S. National Bank Association, Trustee and Others, Appeals Court of Massachusetts, Suffolk County, No. 15-P-334. (2016)*

"… identity of claims, *"the Restatement (second) of Judgments* makes clear that claims or causes of action are identical for claim preclusion purposes when they are 'part of the transaction, or series of connected transactions, out of which the action arose" *Restatement (Second) of Judgments, §24 (1) (1980 ... 1974); Restatement (Second) of Judgments, §24.* Wright Miller, §4411 at 86 (A second claim may be precluded on the ground that the same claim or cause of action was advanced in the first action …)

FACTS:

Please *See* above at Pages 2 to 3 – *I. Allegations of the Complaint/ Factual Background.*

ARGUMENT:

At all relevant times Victor Ide Okoye was the duly elected President. *Ex. D, Page 2.*

The claims and causes of action and or issues in this matter as with all others, relate to the rightful/legal ownership of Trade name, Trademark, Bank account and Management of the "Umuoji Improvement Union (North America) between 2017 and 2018. *See Plaintiffs' Complaint ¶¶10 to 27*

Similar claims and causes of action have been litigated in numerous courts all over the country. *See **Ex. (D and D2) (E), (F and F2), (G), (H) and (I).*** All of the "Decisions have been resolved in favor of Victor Ide Okoye and his majority faction of the Umuoji Improvement Union (North America)

The 268th Judicial District, Fort Bend County, Texas, No. 19-DCV-258782 held that,
**"This court maintained the position that the Plaintiff (Ide Okoye's UIUNA, Inc) in this case has the sole authority to use the name and do business as Umuoji Improvement Union North America"** … and that **"It is undisputed that Dr. Victor Ide Okoye is the true President of Umuoji Improvement Union North America"** also **"That Defendants have no authority to conduct business or engage in any matter purporting themselves in any way as Umuoji Improvement Union North America"** *See Ex. E.*

Res judicata clearly applies by the way of final judgment at different courts and Plaintiffs' claims are precluded.

WHEREFORE, Defendants request that this matter be dismissed with prejudice and award appropriate costs and attorney fees expended by Defendants in defending these frivolous claims.

**IV.      DISMISSAL BASED ON Rule 23.1:
           PLAINTIFF'S LACK OF STANDING**

Defendants further requests this honorable court to dismiss this matter against the Plaintiffs for lack of Standing pursuant to Rule 23.1 of the F. R. Civ. P

FACTS:
Please *See* above at Pages 2 to 3 – *I. Allegations of the Complaint/ Factual Background.*

ARGUMENT:
Plaintiffs in this case lack standing to file this Complaint against the Umuoji Improvement Union, North America or its duly elected Officers as Plaintiffs are the minority faction of the Umuoji Improvement Union, North America.

Plaintiffs did not show that they made a Demand on the Board of Directors or the Executive Council regarding filing this or any other cases.

"This is a higher standard than ordinary notice pleading" *Johnston v. Box, 453 Mass. 569, 578 (2000) (citation omitted).*

Plaintiffs have not shown that they made an honest effort to obtain action by the Board of Directors or the National Executive Council.

*"*Plaintiffs "must establish that … all available means to obtain relief through the corporation itself are exhausted by making demand on the corporation Board of Directors to prosecute the litigation" *Harhen v. Brown, 431 Mass. 838, 844 (2000) (internal quotation and citation omitted)*

Plaintiffs also have not shown the reasons for not obtaining the action or not making the effort as required by F. R. Civ. P. Rule 23.1 (b) (3) (A) and (B)

"[I]f a board of directors reject a shareholder's demand, the shareholder must then present the demand to all other shareholders" unless such demand would be futile because the shareholders are interested or the number of shareholders is so large that

demand would be impossibly burdensome" *Harhen* 431 Mass. At 848-849. *(citations and quotations omitted)*

WHEREFORE, Defendants requests that this matter be dismissed for lack of standing pursuant to Rule 23.1 with costs and attorneys' fees against the Plaintiffs.

**V.        Motion to Dismiss for Failure to State a Claim: Pursuant to Article III Standing:**

FACTS OF THE CASE:
Please See above at Pages 2 to 3 – *I. Allegations of the Complaint/ Factual Background.*

ARGUMENT

"Article III standing has three distinct elements: injury in fact, a causal connection between the injury and the Defendant's conduct, and likely redressability through a favorable decision" *Wincler v. Gates*, 481 F. 3d 977, 979 (7th Cir. 2007) (citation omitted).

"All three elements must be met for a finding of Article III standing. First, Plaintiff must have suffered an injury in fact. Thus, Plaintiff must have suffered 'an invasion of a legally protected interest in which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypocritical" Lujan, 504 U.S. at 560 *(citations and internal quotations omitted)*. Second, there must be causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of a third party not before the court" *Id. (citations and internal alterations omitted).* Third, it must be likely as opposed to merely speculative, that the injury will be redressed by a favorable decision" *Id. at 561 (citation omitted)."* Plaintiff bears the burden of establishing the foregoing elements as it is the

party invoking federal jurisdiction" *Id. (citation omitted). Accord, Scanlan v. Eisenberg, 669 F. 3d 838, 841-842 (7th Cir. 2012) (reviewing a 12(b)(1) motion to dismiss for lack of standing and holding that the "burden to establish standing is on the party invoking federal jurisdiction ... ").*

In one of the prior cases: – The Umuoji Improvement Union (North America), Inc., v. Victor Okoye, at the County Court of Lancaster, Nebraska, Case No. CI 18-14079, the court in its ORDER (Findings of Fact) the court stated "This court finds that the following facts are true and generally not in dispute. At least during the period encompassing the months of June through September, 2018 Defendant (Victor Okoye) was the National President of the Plaintiff's corporation ("UIUNA") … The President is also a member of the National Executive Council. ("NEC")" *Ex. D, Order, Page 2.* … "Defendant (Victor Okoye), as the President of UIUNA at the time, was empowered under the Bylaws, to "direct the affairs" of the company"... *Id. at Page 5* "Furthermore when the company's treasurer failed to carry out the actions required by the resolution, and weather and other factors were deemed to make commencement of the project urgent, defendant was directed by the directors to accomplish these tasks so that the project could move forward. Such functions were clearly within the inherent powers of the President, and the evidence supports Defendant's contention that he had the actual authority in his role as President of UIUNA to carry out the actions of which the Plaintiff complains, *Id. at Page 5…* "Under these facts, it could hardly be said that the actions undertaken by the Defendant were not authorized by the Plaintiff. As such, the actions were not wrongful and Plaintiff's property was not taken in defiance of ownership right" *Id. at Page 6*. "In addition, there is no evidence that Plaintiff has been damaged by Defendant's actions. "In view of the court, the Plaintiff is unable to prove either of these essential elements of its cause of action for conversion" *Id.*

The court finally concluded by ordering as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant's Motion for Summary Judgment should be, and hereby is, SUSTAINED.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff's Second Amended Complaint, should be, and hereby is, DISMISSED with prejudice, costs taxed to the Plaintiff.

IT IS SO ORDERED

Dated this 14th day of October, 2020

Signed by Justice Thomas E Zimmerman, *Id. Ex.D, Page 7*.

The foregoing makes clear that the Plaintiffs in this matter suffered no injury that is traceable to the Defendants and therefore have failed to state a claim pursuant to Article III.

### V.  PLAINTIFFS COUNT I – Trade Infringement and False designation of Origin in Violation of Section 43(A) of The Lanham Act, (15 U.S.C. §1125(a)

Plaintiffs fail to state a cognizable claim for Trade Infringement and False designation of Origin in Violation of Section 43(A) of The Lanham Act, (15 U.S.C. §1125(a).

To establish a violation under the Landham Act for either a registered mark under 15 U.S.C. §1114, or an unregistered mark under 15 U.S.C. §1125(a), the Plaintiff must demonstrate that (1) It has valid and legally protectable mark; (2) It owns the mark; (3) The Defendant's use of the mark to identify goods or services causes confusion. *See Sportswear, Inc., v. Victoria Secret Stores, Inc., 237 F.3d 198 (3rd Cir. 2000)*

Here, the courts have ruled that, at all relevant times the UIUNA, Inc, its trade name and mark belongs to the Defendants of the Ide Okoye faction.

The court also stated "That Defendants (Plaintiffs in this Matter) have no authority to conduct business or engage in any matter purporting themselves in any way as Umuoji Improvement Union North America" *See Ex. E.*

As such, Count I fails.

Counts II, III, IV, V and VI fail for the same reasons.

WHEREFORE Plaintiffs request that this matter be dismissed with sanctions, Attorney's fees and costs, pre and post judgment interest and such other or further relief as appropriate against the Plaintiffs.

Respectfully submitted
Defendants
By their Attorney

/s/ Godson Achebe Anosike
2 Denton Street, #1
Brockton, MA 02301
(617) 319-7661
BBO#: 646346
Email: Godsonanosike@yahoo.com
Date: 02/02/2021

## CERTIFICATE OF SERVICE

I, Godson Achebe Anosike, hereby certify that on February 2, 2021, I served a copy of the foregoing document on Travis Pregent counsel of record for defendant Umuoji Improvement Union North America, by e-mail at Travis@pregentlaw.com.com and/or first class mail, postage prepaid

_____

/s/ Godson Achebe Anosike