UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UMUOJI IMPROVEMENT UNION (NORTH AMERICA), INC.<br><br>    Plaintiff<br><br>v.<br><br>UMUOJI IMPROVEMENT UNION (NORTH AMERICA), INC., UMUOJI IMPROVEMENT UNION, MASSACHUSETTS, INC., VICTOR IDE OKOYE and OGOR OKOYE<br><br>    Defendants | Civil Action No.: 1:20-CV-12229 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR CONTEMPT AGAINST DEFENDANTS**

NOW COMES the plaintiff, Umuoji Improvement Union (North America), Inc. ("UIU"), and hereby requests that the defendants Umuoji Improvement Union (North America), Inc. ("UIU 2"), Umuoji Improvement Union, Massachusetts ("UIU Mass"), Inc., Victor Ide Okoye ("Okoye"), and Ogor Okoye, be held in contempt for knowingly disobeying the Court's unambiguous Order.

**I. ARGUMENT**

All of the facts set forth herein are supported by the Affidavit of Peter Okeke ("Okeke Aff."), filed herewith. All references to Exhibits herein are to the exhibits appended to the Okeke Aff.

1.      On May 4, 2021, pursuant to the Order of the Court (Gorton, N.) [Doc. #35], UIU's Motion for a Preliminary Injunction [Doc. #2] was granted in part and the Order stated, in part:

1

>Defendants and each of their officers, directors, principals, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby enjoined from using or operating under the corporate name, Umuoji Improvement Union (North America), Inc.;

Id., p. 2.

2. In contravention of the Court's Order, on or about September 17, 2021, Okoye filed an annual report on behalf of UIU 2 under the penalties of perjury. See Exhibit A, appended.

3. On or about September 28, 2021, Okoye amended UIU 2 to change the name from "Umuoji Improvement Union (North America), Inc" to "Umuoji Improvement Union (USA/Canada) Inc" and left all of the entities corporate documentation, including its Articles of Incorporation, unchanged. See Exhibit B, appended, which are the Articles of Amendment filed with the Massachusetts Secretary of State, and Exhibit C, appended, which are screenshots from Umuoji Improvement Union (USA/Canada) Inc's Facebook page. This name is substantially similar to UIU such that it is likely to confuse potential UIU members and donors.

4. In addition, Okoye continues to hold himself out as a president of Umuoji Improvement Union. See Exhibit D, appended, which are messages from a closed WhatsApp group for current Umuoji Improvement Union presidents in which Okoye continues to participate.

II. **ARGUMENT**

As set forth, the defendants have disobeyed the clear and unambiguous Order of the Court. See Pittner v. Castle Peak 2011-1 Loan Tr. (In re Pittner), Nos. MB 17-021, 12-12438-MSH, 15-01222-MSH, 2018 Bankr. LEXIS 407 *23-24 (B.A.P. 1st Cir. Feb. 1, 2018), citing Fatsis v. Braunstein, 405 B.R. 1 *7 (B.A.P. 1st Cir. 2009) ("[t]o prove civil contempt of a court

order, the moving party 'must establish by clear and convincing evidence that a contemnor violated a court order'"). See also Warren Gardens Hous. Coop. v. Clark, 420 Mass. 699, 700 (1995); Nickerson v. Dowd, 342 Mass. 462, 464 (1961) A party who defies a court order is not in a position to seek remedies from the court, and a court is empowered to dismiss a party's claims where it disobeys the court's orders. Network Systems Architect Corp. v. Dimitruk, et al., Suffolk Sup. Ct. 06-4717-BLS2, Opinion of 12/4/2007 (Fabricant, J.).

Okoye continues to hold himself out as a president of UIU and the defendants have flouted the rules of this Court by changing, albeit slightly, the name of Umuoji Improvement Union (North America), Inc. to Umuoji Improvement Union (USA/Canada) Inc. in a transparently flimsy attempt to evade their obligations pursuant to this Court's Order so as to continue to confuse potential UIU members and donors. See Edison Bros. Stores, Inc. v. Nat'l Dev. Grp., Inc., No. 89-0612-Z, 1992 U.S. Dist. LEXIS 2839 *5 (D. Mass. Mar. 6, 1992) (infringement occurs where names are "confusingly similar such that there is a likelihood of confusion among consumers regarding the source, sponsorship or affiliation of goods sold or services provided…"). See also 15 U.S.C. §§ 1114 & 1125(a) (1988); Pignons S.A. de Mecanique de Precision v. Polaroid Corp., 657 F.2d 482, 487 (1st Cir. 1981) ("[i]n assessing likelihood of confusion, courts have commonly looked to the following factors: the similarity of the marks; the similarity of the goods; the relationship between the parties' channels of trade; the relationship between the parties' advertising; the classes of prospective purchasers; evidence of actual confusion; the defendants' intent…").

This Court should convert the preliminary injunction into a permanent injunction because the defendants have violated the Court's Order and demonstrated that they have no intention of abiding by its terms. See Shell Co. (P.R.) v. Los Frailes Serv. Station, 605 F.3d 10, 19 n.4 (1st

Cir. 2010) ("an evidentiary hearing would have served little purpose, and the district court's conversion' of a preliminary injunction into a permanent injunction 'was not error'"); See also McComb v. Jacksonville Paper Co., 336 U.S. 187, 192 (1949) ("contemnors effectively 'undertook to make their own determination of what the decree meant' and 'acted at their peril' when they did so"); Pina v. Rivera, No. 11-2217 (GAG/BJM), 2017 U.S. Dist. LEXIS 104468 * 18 (D.P.R. Feb. 15, 2017) ("because [defendant] does not proffer new evidence that would suggest a change in circumstances since the preliminary injunction issued, and because his legal arguments are largely the same as the ones decided at the preliminary injunction stage, the court should convert the preliminary injunction into a permanent injunction").

Further, this Court should order the defendants' to immediately dissolve UIU 2 (now named Umuoji Improvement Union (USA/Canada) Inc.) and UIU Mass; or, in the alternative, appoint a receiver to oversee the dissolution of said entities pursuant to its equitable powers. See Fed. R. Civ. P. 66; Neb. Rev. Stat. § 25-1081(8) (permitting the appointment of a receiver "in all other cases when receivers have heretofore been appointed by the usages of courts of equity"); Gardner v. Larkin, No. 19-cv-139, 2020 WL 831860, at *23 (D.R.I. Feb. 20, 2020) ("One circumstance in which a receiver may be appointed [by a court of equity] is when the owners of an entity . . . are in deadlock . . . [which] has paralyzed corporate functioning.").

Lastly, the defendants should be held jointly liable to UIU for its costs and legal fees in these contempt proceedings, and in seeking to have their contempts purged.

        Respectfully submitted,

        UMUOJI IMPROVEMENT UNION
(NORTH AMERICA), INC.,

        Plaintiff,

        By its attorney,

        /s/ Travis T. Pregent
Travis T. Pregent (BBO: 682998)
PREGENT LAW
One State Street, 1200
Boston, MA 02109
(978) 381-3256
travis@pregentlaw.com

Dated: October 26, 2021

## CERTIFICATION

     I certify that I have served this document via Notice of Electronic Filing for parties and counsel on the date set forth below in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

        /s/ Travis T. Pregent
Travis T. Pregent

Date: October 26, 2021